IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

THERESA MARSHALL                                                    PLAINTIFF

v.                            No. 4:21-cv-751-DPM

EDUCATIONAL CREDIT
MANAGEMENT GROUP;
EDUCATIONAL CREDIT
MANAGEMENT CORPORATION,
ECMC; KIMBERLY WOOD
TUCKER, Attorney                                                   DEFENDANTS

ORDER

1. After screening, the Court directed Marshall to file an amended complaint to clarify her claims. *Doc. 7.* She did so on time. *Doc. 8.* She has also moved to amend her amended pleading four times. Those motions, *Doc. 9, 10, 11, & 18,* are granted. The Court must screen her updated pleading, working from *Doc 9-1* as revised by the amendments. The Court regrets its delay in attending to Marshall's case.

2. Marshall has pursued many bankruptcy actions during the last twenty-seven years. *E.g., In re Theresa Marshall,* 4:95-bk-43532 (E.D. Ark.); *Marshall v. AFSA Data Corp., et al.* 4:99-ap-04055 (E.D. Ark.); *In re Theresa Marshall,* 4:02-bk-11804 (E.D. Ark.); *In re Theresa Marshall,* 4:05-bk-20492 (E.D. Ark); *In re Theresa Marshall,* 4:08-bk-13441 (E.D.

Ark.), *aff'd*, 407 B.R. 359 (B.A.P. 8th Cir. 2009); *In re Theresa Marshall*, 4:16-bk-15651 (E.D. Ark.), *appeal dismissed*, No. 18-6008 (B.A.P. 8th Cir. 2018), *appeal dismissed*, No. 18-3142 (8th Cir. 2018), *appeal untimely*, No. 18-6009 (B.A.P. 8th Cir. 2018), *appeal untimely*, No. 18-6010 (B.A.P. 8th Cir. 2018), *aff'd*, 723 Fed. App'x 384 (8th Cir. 2018), *appeal dismissed*, No. 18-6016 (B.A.P. 8th Cir. 2018), *appeal dismissed*, No. 18-2791 (8th Cir. 2019), *appeal dismissed*, No. 19-6014 (B.A.P. 8th Cir. 2019), *appeal dismissed*, No. 19-6024 (B.A.P. 2020); *In re Theresa Marshall*, 4:18-bk-12478 (E.D. Ark.), *appeal dismissed*, No. 18-6021 (B.A.P. 2018), *appeal dismissed*, No. 18-6022 (B.A.P. 8th Cir. 2018), *aff'd*, 595 B.R. 269 (B.A.P. 8th Cir. 2019); *appeal dismissed*, No. 18-6024 (B.A.P. 8th Cir. 2018), *aff'd* 596 B.R. 366 (B.A.P. 8th Cir. 2019), *appeal dismissed*, No. 18-6025 (B.A.P. 8th Cir. 2018), *appeal dismissed*, No. 19-6042, (B.A.P. 8th Cir. 2020).

In this case, Marshall alleges that Educational Credit Management Corporation and Educational Management Group acted wrongly in many of those proceedings. She pleads details and dates. Marshall says ECMC had no standing as a guarantor of her student loan, but asserted loan-based claims in her bankruptcies even though these loans had been discharged in earlier bankruptcy proceedings. She is critical of Judge Richard D. Taylor's handling of these claims.

Marshall's complaint as amended fails to state a claim that can go forward. She is clear that almost all of the challenged conduct occurred many years ago. And all the material events occurred outside the

applicable three-year statute of limitations for the fraud and conspiracy claims, and outside the five-year statute of limitations for the deceptive trade practices claim, that she asserts now. ARK. CODE ANN. § 16-56-105 (three-year statute); *Varner v. Peterson Farms*, 371 F.3d 1011, 1016 (8th Cir. 2004) (fraud & civil conspiracy); ARK. CODE ANN. § 4-88-115 (five-year statute); *Apex Oil Company v. Jones Stephens Corp.*, 881 F.3d 658, 662 (8th Cir. 2018) (ADTPA).

Moreover, to the extent Marshall is challenging the Bankruptcy Court's decisions, or ECMC/ECMG's actions contrary to that Court's procedural rules, the time for raising those challenges was in an appeal from a final judgment, order, or decree of the Bankruptcy Court. 28 U.S.C. § 158(a)(1) & (b)(1). In Marshall's 2002 bankruptcy, Judge Mixon rejected her challenge to ECMC's claim. As she acknowledges in one of her amendments, he concluded that "ECMS's claim is supported by sufficient documentation setting forth the nature and amount of the claim." *Doc. 10 at 43*; *Doc. 96* in *In re Theresa Marshall*, 4:02-bk-11804 (E.D. Ark.). Marshall did not appeal Judge Mixon's 2003 ruling. The Court notes and understands that, in the fall of 2018, Marshall attempted to appeal some issues but the Bankruptcy Appellate Panel dismissed her appeal for lack of jurisdiction. *Doc. 10 at 4-6*. That circumstance, however, does not eliminate the law's requirement that Marshall had to file a timely appeal from final orders of the Bankruptcy Court to challenge things that happened or that were

decided in her many earlier cases. The claims that Marshall seeks to press now against ECMC/ECMG either were, or could have been, resolved in Marshall's many prior bankruptcy proceedings. And some of the specific issues she raises have been decided against her. *Hardy v. Hardy*, 2011 Ark. 82, *5-6, 380 S.W.3d 354, 357-58 (claim preclusion); *Vibo Corp., Inc. v. State ex rel. McDaniel*, 2011 Ark. 124, *25, 380 S.W.3d 411, 427 (issue preclusion). Her motion for appointed counsel, *Doc. 17*, is denied as moot. Her amended complaint will be dismissed with prejudice because she cannot overcome the limitations bar or the preclusion bar by further amending her pleading.

So Ordered.

*/s/ DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

25 May 2022