## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**THERESA MARSHALL**                                    **PLAINTIFF**

v.                          **No. 4:21-cv-751-DPM**

**EDUCATIONAL CREDIT MANAGEMENT**
**GROUP;  EDUCATIONAL CREDIT**
**MANAGEMENT CORPORATION, ECMC;**
**and KIMBERLY WOOD TUCKER, Attorney**        **DEFENDANTS**

### ORDER

1.    Marshall believes that ECMC/ECMG have fraudulently pursued a debt that she no longer owes.  This belief has led her to challenge ECMC/ECMG's collection activities in federal and state courts for more than twenty years.  In its 25 May 2022 Order, the Court held that Marshall's claims in this case are either untimely or have been decided against her in one or more of her many cases.  The Court stands by those conclusions.

2.    In its screening Order, the Court identified Marshall's 2002 bankruptcy case as a source of preclusion.  An Arkansas state court agreed more than a decade ago.  That raises an issue not addressed in the Court's prior Order:  the application of the *Rooker-Feldman* doctrine. The relief Marshall seeks in this case, if granted, would nullify a 2011 state court judgment in favor of ECMC in *Marshall v. Educational Credit Management Co.*, No. 60CV-10-5500 (Cir. Ct. Pulaski Cty. 1 April 2011).

That court concluded that Marshall's 1995 bankruptcy case did not discharge her debt to ECMC and that her claims against the company were precluded by decisions made by the Bankruptcy Courts in Marshall's 2002 and 2005 bankruptcy cases. Marshall did not appeal. And this Court does not have the power to second guess the state court's judgment. *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005); *see also Skinner v. Switzer*, 562 U.S. 521, 531–32 (2011). Whether this Court's review of those decisions would violate the *Rooker-Feldman* doctrine, or her claims are otherwise precluded, all of Marshall's arguably on-time claims against ECMC/ECMG are barred.

**3.** Marshall also seeks sanctions against the attorney who represented ECMC/ECMG in the most recent of her many bankruptcy cases. As the Court said in its screening Order, any issues that Marshall has with the attorney's conduct could have been (and should have been) raised and resolved in those proceedings.

**4.** Marshall has filed a notice of appeal and a motion to proceed *in forma pauperis* on appeal. The notice of appeal, *Doc. 25*, will ripen into effectiveness when this Order addressing Marshall's Rule 60 motion is entered. FED. R. APP. P. 4(a)(4)(B)(i). And she may file a new notice or amend her notice if she chooses. FED. R. APP. P. 4(a)(4)(B)(ii). Her motion to appeal *in forma pauperis*, *Doc. 26*, is denied as moot. The Court has already granted her motion to proceed *in forma pauperis*. *Doc. 7*. She

-2-

therefore does not need this Court's approval to proceed *in forma pauperis* on appeal.  FED. R. APP. P. 24(a)(3).

*   *   *

The Court has reconsidered its dismissal of Marshall's claims.  But her motion to reinstate her case, *Doc. 24*, is denied.

So Ordered.

D.P. Marshall Jr.
United States District Judge

6 July 2022

- 3 -
